## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TAMMY JO LONG; CASTLE
HOME BUILDERS, INC.; and
WILLIAM KEITH DAVIDSON;

                **Plaintiffs,**

      v.

JP MORGAN CHASE BANK, N.A.;
BANK OF AMERICA, N.A.; BANK
OF AMERICA, NATIONAL
ASSOCIATION as successor by
merger to LASALLE BANK, N.A.,
as trustee for WAMU MORTGAGE
PASS THROUGH CERTIFICATE
SERIES 2006-AR19 TRUST;
LENDER PROCESSING
SERVICES, INC.; NEW ORLEANS
EMPLOYEES RETIREMENT
SYSTEM; MARTA / ATU LOCAL
732 EMPLOYERS RETIREMENT
PLAN; WASHINGTON MUTUAL
BANK, F.A.; FIRST AMERICAN
EAPPRAISEIT; FIRST
AMERICAN, INC.; WAMU ASSET
ACCEPTANCE CORP.; SHAPIRO
& SWERTFEGER, LLP; DOE(S);
ROE(S); and WASHINGTON
MUTUAL, INC.;

                **Defendants.**

1:10-cv-02551-WSD


## OPINION AND ORDER

This matter is before the Court on Defendant Shapiro & Swertfeger, LLP's ("Defendant") Motion for More Definite Statement [6], on the Response to Shapiro's Motion [7] filed by Plaintiffs Tammy Jo Long ("Long"), Castle Home Builders, Inc. ("Castle Home"), and William Keith Davidson ("Davidson"), and on Defendant's Reply to Plaintiffs' Response [8].

## I.    BACKGROUND

On July 30, 2010, Plaintiff filed a 167-page Complaint against 14 defendants in the Superior Court of Fulton County, Georgia.[1]  The Complaint contains 933 paragraphs and 21 counts and fails to comply with most of the requirements of Rule 5.1 of the Court's Local Rules.

Plaintiffs seem to allege that all or some of the Defendants were involved in fraudulent conduct concerning a loan encumbering their property.  It appears that Plaintiffs are challenging a pending foreclosure sale of their property.  Plaintiffs assert various state law claims and federal claims against some or all of the Defendants, including claims under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.

---

[1] The record does not show that any of the named Defendants were properly served.  On August, 27, 2010, attorneys for Defendant JPMorgan Chase Bank, N.A. ("Chase") entered a notice of appearance, asserting that Chase had not been served and preserving Chase's defenses.

("RESPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1682 et seq.
("FDCPA").

The Complaint does not clearly reflect which Defendants allegedly engaged
in what conduct and which claims are asserted against each Defendant. Plaintiffs'
allegations consist of broad generalizations, and vague and conclusory statements.
The Complaint is confusing and contains substantial irrelevant and extraneous
information, such as a table listing the ten metropolitan areas experiencing the
highest rates of foreclosure. (Compl. ¶ 572). At points the Complaint consists of
a rambling criticism the banking industry, as evidenced by Plaintiffs' accusations
that some of the Defendants' employees were greedy and celebrated the
shortcomings of their competitors. (See Compl. ¶¶ 574-584).

Plaintiffs moved for a temporary restraining order in the Superior Court of
Fulton County, Georgia, and on August 2, 2010, the court granted Plaintiffs' order
enjoining Defendants from taking any action in furtherance of the foreclosure sale.
Defendant promptly removed this case to federal court on August 13, 2010.

On August 30, 2010, Defendant moved, pursuant to Rule 12(e) of the
Federal Rules of Civil Procedure, the Court to order Plaintiffs to provide a more
definite statement of the claims alleged in their Complaint. Defendant argues that
Plaintiffs' Complaint is a classic shotgun pleading that fails to provide it with

notice of the claims alleged against it and that the Complaint violates Rules 8, 9, and 10(b) of the Federal Rules of Civil Procedure.

## II.     DISCUSSION

### A.     Whether Plaintiffs should file a more definite statement

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"  Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 367 (11th Cir. 2005) (citations omitted).  Because defendants are unfairly burdened when responding to shotgun pleadings, plaintiffs "should be required to provide a more definite statement" of their complaints.  Id.

When a "plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading."  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty., 77 F.3d 364, 366

(11th Cir. 1996).  Rule 8 demands that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 9 requires that a plaintiff plead "with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

Plaintiffs' Complaint not only is a classic shotgun pleading but it fails to meet even the minimum standards of a competent pleading.  The Court and Defendants are not expected to "sift through the facts presented and decide for [themselves] which [are] material to the particular cause of action asserted." Beckwith, 146 F. App'x at 372.  Plaintiff shall file an Amended Complaint that complies with Rules 8, 9, and 10(b) and that provides, at a minimum, the following information:

(1)   Separate counts for each cause of action;

(2)   The specific actions of each named Defendant that Plaintiff alleges support each particular cause of action;[2]

(3)   The cause of action brought against each Defendant;

(4)   The type of relief sought from each Defendant;

(5)   The identity of the property subject to foreclosure;

---

[2] The court reminds Plaintiff of the particularized pleading requirements of Rule 9(b) to allege a cause of action for fraud.

(6)   An unambiguous description of any "note," "security deed," and any other document referenced.[3]

Plaintiffs should exclude from an Amended Complaint all irrelevant and extraneous information (which currently is abundant).

In light of the undisciplined and unfocused nature of this pleading, the Court also imposes a 35-page limit on the Amended Complaint and requires the Amended Complaint to comply with the requirements of Local Rule 5.1, including Rule 5.1(C).  Plaintiffs should carefully evaluate whether certain claims each have a sufficient factual basis to be asserted against a particular Defendant.  They should be mindful that they cannot bring claims against a Defendant based on the conduct of another Defendant unless there is a viable, valid legal basis to do so.

Plaintiffs shall file their Amended Complaint on or before December 13, 2010. Failure to meet this deadline will result in the dismissal of this action.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for a More Definite Statement [6] is **GRANTED**.  Plaintiff shall, on or before December 13, 2010, file

---

[3] Plaintiff may attach these documents as exhibits to any Amended Complaint that may be filed.

an Amended Complaint that complies with the Federal Rules of Civil Procedure 8, 9, and 10(b), Local Rule 5.1, and the requirements of this Order.

**SO ORDERED** this 23rd day of November, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE